IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JULIUS BENNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:03-CV-1160-A |
| | ) | [wo] |
| JO ANNE B. BARNHART, | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON MOTION

Plaintiff's *Application for Attorney Fees under the Equal Access to Justice Act,* docketed as a *Motion* (Doc. 16, filed Dec. 5, 2005), seeks "an award of attorney fees, costs of court, and expenses of litigation under the Equal Access to Justice Act, 28 U.S.C. § 2412 ... for work on this case in federal court and on remand before the Social Security Administration." The attached accounting for services rendered by plaintiff's counsel references a "favorable decision" following this court's remand for further proceedings pursuant to sentence 6 of 42 U.S.C. § 405(g).[1] The docket does not reflect, however, the administrative decision on remand and the requisite entry of final judgment thereon.[2] Accordingly, for this good cause, it is **ORDERED** as follows:

---

[1] Adopting the June 4, 2004 *Recommendation of the Magistrate* Judge, the court ordered that "[t]he decision of the Commissioner as to Plaintiff's disability application [be] REVERSED" and the case be "REMANDED to the Commissioner of Social Security under sentence 6 of 42 U.S.C. §405(g) for further administrative consideration." (Doc. 15, July 15, 2004).

[2] In a sentence-six remand, the statutory provision itself specifically requires the Commissioner to return to district court to file additional or modified findings of fact after the new evidence is heard. Because the parties must return to district court after remand proceedings to file the Commissioner's findings of fact, the district court retains jurisdiction over the case throughout the remand proceedings. Thus, unlike a sentence-four remand, a sentence-six remand is not a final

(continued...)

1.   Plaintiff's *Motion for Attorney Fees* is **DENIED as premature** *without prejudice for refiling.*

2.   ***The Commissioner shall file not later than January 3, 2006*** either:

   a.   a report on the status of any ongoing remand proceedings, including the date of any scheduled administrative hearing; or

   b.   any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

3.   Any post-remand motion for attorney's fees which is re-filed in accordance with *sentence* 6, 42 U.S.C § 405(g), is hereby referred to Magistrate Judge Delores R. Boyd for action or recommendation as appropriate.

.

Done this 15th day of December, 2005.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR  UNITED  STATES  DISTRICT  JUDGE

---

[2](...continued)
judgment under EAJA, and the window for filing an EAJA fee application does not open until judgment is entered in the district court following completion of the remand proceedings. *Jackson v. Chater*, 99 F. 3d 1086, 1095 (11th Cir. 1996) (*citations omitted*).